UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP W. SIMON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TANISHA BOSTIC et al.,<br><br>　　　　　　　Defendants. | Case No.: 24-CV-01665-CAB-MSB<br><br>**ORDER DISMISSING COMPLAINT**<br><br>[ECF Nos. 1, 19, 24–26, 28.] |

On September 18, 2024, Plaintiff Phillip W. Simon filed a complaint against Defendants Tanisha Bostic, Lynetta Watts, Nora Watts, Sharon L. "Kalemkarian," and Does 1–10. [ECF No. 1.] Plaintiff has moved for default judgment against three of the named Defendants. [ECF No. 19, 24–26.] Those Defendants have asked this Court to set aside the Clerk's entry of default based on excusable delay, and in the conjunctive, to dismiss this case for want of subject matter jurisdiction. [ECF No. 28.]

**I.   INTRODUCTION**

Plaintiff's claim identifies three named Defendants, ten Doe Defendants, and a San Diego County Superior Court Judge. [See Compl. ¶¶ 5–9.] Plaintiff is proceeding pro se, and thus, the Court construes his filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The Court can consider subject matter jurisdiction sua sponte. *Snell v. Cleveland*, Inc., 316 F.3d 822, 826 (9th Cir. 2002).

Plaintiff brings three identifiable causes: (1) claims for fraud based on the Federal Rules of Civil Procedure, (2) 42 U.S.C. § 1983 claims against all Defendants in which he alleges that they "knowingly and willfully engaged in actions that interfered with [his] civil rights and property rights," and (3) claims brought pursuant to 38 U.S.C. § 5301 and 10 U.S.C. § 1408. [Compl. ¶¶ 21–32.] Plaintiff prays for both actual and punitive damages, fees and costs, and an order relating to his government benefits. [*Id.* ¶ 32.]

## II.   ANALYSIS

### 1. The *Rooker-Feldman* Doctrine Bars Any Relief Relating to the State Court Judgment

The core of Plaintiff's complaint seeks relief that functionally overturns a state court judgment. Plaintiff complains of various misrepresentations and lies that purportedly plagued a state court divorce proceeding. [Compl. ¶¶ 12–20.] These apparent lies "precipitated a series of judicial decisions adversely affecting" Plaintiff. [*Id.* ¶10.] He alleges that the state court judge "abused her discretion" issuing final orders that led to Plaintiff's eviction. [*Id.* ¶ 18.] He also claims that "several courthouse clerks were aware" of these misrepresentations. [*Id.* ¶ 10.] Plaintiff makes clear in his complaint that he unsuccessfully appealed the state court judgment. [*Id.* ¶ 19.] He now prays for injunctive relief in the form of "an order restoring [Plaintiff's] rights to his property and VA benefits." [*Id.* ¶ 32].

"If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court[] and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). Indeed, Plaintiff brings claims (discussed below) that (arguably) may not be "inextricably intertwined" with the state court's judgment. *Feldman*, 460 at 482 n.16. Nevertheless, the *Rooker-Feldman* doctrine bars (1) all claims against the County Judge Defendant, (2) all claims against the unidentified courthouse employees, and (3) Plaintiff's request for injunctive relief.

### 2. The Court Does Not Have Subject Matter Jurisdiction over Plaintiff's Sec. 1983 Claim

Next are Plaintiff's 42 U.S.C. § 1983 claims against the remaining Defendants. At minimum, to state a Section 1983 claim, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) a person acting under the color of state law committed the alleged violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff has not pleaded any facts alleging that the named or unnamed Defendants were acting under the color of state law. [*See* Compl. ¶ 9.] Based on the facts alleged in the complaint, the Court does not have subject matter jurisdiction over Plaintiff's § 1983 claims against any of those Defendants. *See Peng v. Mei Chin Penghu*, 335 F.3d 970, 980 (9th Cir. 2003) (affirming dismissal under Fed. R. Civ. P. 12(b)(1) for failure to allege state action in § 1983 claim).

### 3. The Federal Rules, 38 U.S.C. § 5301, and 10 U.S.C. § 1408 Do Not Create Independent Causes of Action

Plaintiff appears to plead a fraud claim based on Fed. R. Civ. P. 9(b) and 60(d)(3). [Compl. ¶¶ 21–24.] The Federal Rules do not create a private cause of action. *See Port Drum Co. v. Umphrey*, 852 F.2d 148, 149–50 (5th Cir. 1988) (The Federal Rules "only implement the exercise of jurisdiction otherwise conferred by Congress and do not provide an independent basis for parties without any other jurisdictional grant to get into federal court in the first place.") As such, they are not a basis for federal question jurisdiction. *See Pineville Real Estate Operation Corp. v. Michael*, 32 F.3d 88, 90 (4th Cir. 1994) ("the Rules are not 'laws' . . . and . . . they cannot be the basis for federal question jurisdiction[.]")

The only remaining statutory hooks for federal jurisdiction are Plaintiff's claims brought pursuant to 38 U.S.C. § 5301 and 10 U.S.C. § 1408. But Section 5301 does not create its own cause of action. *See, e.g.*, *Belfi v. Radius Bancorp*, No. 21-CV-5672, 2022 WL 329564, at *2 (E.D. Pa. Feb. 2, 2022). Nor does this Court recognize an implied one since they are disfavored. *See Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017). Instead, 38

U.S.C. § 5301 has been interpreted as a "defense" to the use of remedies on a claim against a veteran receiving certain benefits. *See Radius Bancorp*, 2022 WL 329564, at *2. The statute is commonly tied to actions brought through 42 U.S.C. § 1983, s*ee Nelson v. Heiss*, 271 F.3d 891, 893 (9th Cir. 2001), and may be implicated by a declaratory judgment action enabled by 28 U.S.C. § 2201(a). *See Bush v. Liberty Life Assurance Co. of Bos.*, 130 F. Supp. 3d 1320, 1330 (N.D. Cal. 2015). 10 U.S.C. § 1408 appears no different, at least as it relates to damages (the only requested relief available to Plaintiff). *See Simanonok v. Simanonok*, 787 F.2d 1517, 1523 (11th Cir. 1986) (agreeing that Supreme Court precedent indicates that Sec. 1408 should not be read as permitting suits for damages); *Brown v. Harms*, 863 F. Supp. 278, 281 (E.D. Va. 1994) (explaining that Sec. 1408 contains no federal cause of action).

As Plaintiff's causes under 38 U.S.C. § 5301 and 10 U.S.C. § 1408 are "so patently without merit as to justify . . . the court's dismissal for want of jurisdiction," *Duke Power Co. v. Carolina Env't Study Grp., Inc.*, 438 U.S. 59, 70 (1978), the Court dismisses those claims pursuant to Fed. R. Civ. P. 12(b)(1).[1]

### III. CONCLUSION

The Court **DISMISSES** Plaintiff's complaint under Rule 12(b)(1). Plaintiff's motions for default judgment and Defendant's motion to set aside that default are **DENIED** as moot. [ECF Nos. 19, 24–26, 28.] Plaintiff is granted leave to file an amended complaint by **Dec. 17, 2024**.

///

///

///

---

[1] In the alternative, the Court could also dismiss these and the 42 U.S.C. § 1983 claims under Rule 12(b)(6). *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981); *see also Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief") (citing *Wong*, 642 F.2d at 361–62).

The Court notes that much of the facts alleged in the now dismissed complaint appear to be the subject of a state court judgment that cannot be relitigated in this Court. Should he choose to refile, Plaintiff should properly serve his amended complaint in accordance with all applicable federal and local rules.

Dated:  December 2, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge